## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-------------------------------------------------- X
FARA D'ANGELO,                          :
                                        :        Case No. 3:08-CV-1548(JCH)
                  Plaintiff,            :
                                        :
         v.                             :
                                        :
                                        :
WORLD  WRESTLING  ENTERTAINMENT,        :
INC.,                                   :        OCTOBER 26, 2009
                  Defendant.            :
                                        :
-------------------------------------------------- X
```

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT OR IN THE ALTERNATIVE TO COMPEL AND FOR SANCTIONS

The Defendant, World Wrestling Entertainment, Inc. ("WWE"), hereby respectfully submits this Memorandum of Law in support of its Motion, pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), for an order dismissing the Complaint in its entirety due to Plaintiff's obstructive and dilatory actions, in contravention to the parties' discovery plan pursuant to Fed. R. Civ. P. 26(f), or, in the alternative, for such relief by way of those sanctions set forth in said Motion.

## NATURE OF THE ACTION AND PERTINENT FACTS

For a description of this action and the pertinent background facts, this Court is respectfully referred to the Defendant's Motion.

## ARGUMENT

### A. Standard for Dismissal as a Sanction

Rule 37 of the Federal Rules of Civil Procedure authorizes the court to impose disciplinary measures for intentional misconduct or grossly negligent behavior during discovery. Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees and Restaurant Employees Intern.

Union, 212 F.R.D. 178, 219 (S.D.N.Y. 2003).   The Court has broad discretion in assessing

sanctions, based on all the facts of the case.  Novak v. Wolpoff & Abramson LLP, 536 F.3d 175,

177 (2d Cir. 2008)(per curiam)(citation omitted); AAIpharma Inc. v. Kremers Urban Dev. Co.,

No. 02 Civ. 9628, 2006 WL 3096026, at *3 (S.D.N.Y. Oct. 31, 2006).  Any discovery sanctions

imposed by a court, however, must be just and commensurate with the failure to comply.

Monaghan v. SZS 33 Assocs., L.P., 148 F.R.D. 500, 508 (S.D.N.Y. 1993).

In addition to its general powers under Rule 37(b), the Court has the inherent power to

impose sanctions upon a finding of bad faith.  AAIpharma Inc., 2006 WL 3096026, at *3.  See

Spanski Enterprises, Inc. v. Telewizja Polska, S.A., No. 07 Civ. 930, 2009 WL 3270794

(S.D.N.Y. Oct. 13, 2009) (slip copy).  Rule 37(b)(2) further specifically provides that in order to

avoid paying the expenses caused by its failure, a noncompliant party must show that its failure

was justified or that special circumstances make an award of expenses unjust.  Novak, 536 F.3d

at 178.

With respect to the sanction of dismissal, in Agiwal v. Mid Island Mortgage Corp., 555

F.3d 298, 302 (2d Cir. 2009), the Second Circuit court established four factors that a District

Court should consider in its exercise of discretion to dismiss an action as a sanction pursuant to

Fed. R. Civ. Proc. 37:

> (1) the willfulness of the non-compliant party or the reason for noncompliance;
>
> (2) the efficacy of lesser sanctions;
>
> (3) the duration of the period of noncompliance, and
>
> (4) whether the non-compliant party had been warned of the consequences of noncompliance.

The Agiwal court affirmed dismissal of the plaintiff's action with prejudice for failure to comply with discovery orders over the span of six months, including failing to appear at three scheduled depositions.  Each discovery order warned of the possibility of sanctions including dismissal, and the plaintiff failed to establish any justification for such noncompliance.  See also, Ofoedu v. St. Francis Hosp., 234 F.R.D. 26, 33 (D. Conn. 2006)(although only to be used in extreme circumstances, dismissal is appropriate as a sanction where a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault); Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991)(where a party seeks to frustrate the purpose of the federal rules by disobeying discovery orders and thus preventing disclosure of pertinent facts, severe sanctions are appropriate); Salisbury v. Town of Watertown, 82 F.R.D. 403 (D. Conn. 1979)(where defendants found to have repeatedly ignored or failed to comply with Federal Rules, plaintiff's motion for sanctions, and specifically for entry of default, granted).

Indeed, here, Plaintiff was repeatedly reminded by Defendant of the Court's modification of the discovery deadlines; the possibility Defendant would seek Court intervention; and the lack of judicial precedent to support any excuse proffered by Plaintiff for her repeated, willful, and dilatory refusal to answer even one question about her case.  The orders of this Court in modifying the proposed 26(f) discovery plan submitted by the parties, modifications of which Plaintiff was repeatedly reminded, have been totally frustrated by the Plaintiff, resulting in the severest of prejudice to Defendant; i.e., preventing Defendant from one of the most critical avenues of discovery provided by the Federal Rules—taking the deposition of the Plaintiff concerning the claims made in this litigation and the facts out of which such claims are alleged to arise.  In short, Plaintiff's counsel has engaged in dilatory actions by, *inter alia*, failing to produce timely responses to Defendant's document requests and by repeatedly refusing to

produce the Plaintiff for her deposition, in contravention to the parties' discovery plan pursuant to Fed. R. Civ. P. 26(f).  Thus, while this matter does not involve prior Court admonishments about Plaintiff's deposition in particular, this type of protracted, dilatory and willful conduct should nevertheless be deemed sufficient for this Court to dismiss her complaint.  See Salisbury, 82 F.R.D. 403 (granting plaintiff's motion for default where defendant-town had repeatedly failed to comply with applicable time limits of Federal Rules of Civil Procedure and court's discovery order to respond to interrogatories by certain deadlines).

B.     *In the Alternative, Other Sanctions are Warranted*

In the event this Court deems outright dismissal to be unwarranted, Defendant contends that Rule 37 further provides for a variety of other, appropriate sanctions, such as those requested in its Motion, patently appropriate based on the conduct outlined in that Motion.  Indeed, as the court held in Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979), the Court is permitted to impose sanctions such as striking portions of pleadings, prohibiting introduction of evidence, or issuing orders such as paying the moving party's legal fees.  See also, SLC Turnberry, Ltd. v. The American Golfer, Inc., 240 F.R.D. 50, 55 (D. Conn. 2007) (vacating default judgment against defendant for failing to respond to discovery requests and complying with court's discovery orders, but acknowledging that defendant's delay resulted in prejudice against the plaintiff and "ordering defendants' immediate and full compliance with all outstanding discovery requests, precluding evidence at trial which would have been responsive to that discovery if not timely produced, awarding sanctions in the form of attorneys fees and costs associated with plaintiffs' motions to compel to the Court, and by allowing only a very limited supplemental discovery period to allow defendants to prepare their case."); Apex Oil Co. v. Belcher Co. of New York, Inc., 855 F.2d 1009, 1014 (2d Cir.

1988) ("Similarly, Rule 37(d), which concerns a party's failure to attend a deposition ...,
expressly provides that 'the court shall require the party failing to act or the attorney advising
that party or both to pay the reasonable expenses ... caused by the failure.'"); Wolters Kluwer
Financial Services, Inc. v. Scivantage, 564 F.3d 110 (2d Cir. 2009) (attorney's failure to attend a
scheduled deposition that he confirmed the night before, in violation of the court's discovery
order, warranted sanctions); Burke v. Miron, No. 3:07CV1181, 2009 WL 952096, at *1 (D.
Conn. April 7, 2009) (ordering plaintiff to pay sanctions of $2,055 due to plaintiff's refusal to
submit to a deposition); Applera Corp. v. MJ Research, Inc., 220 F.R.D. 13 (D. Conn.
2004)(preclusion of expert disclosure given failure to comply with deadline for same and
repeated requests by opposing party for such disclosure).

Plaintiff's consistent failures to abide by the Federal Rules, including the repeated,
unwarranted and obstructionist refusals to appear for a deposition which was properly noticed
again and again, should not be condoned.    For approximately eight months, Plaintiff
demonstrated recalcitrant resistance to discharging her discovery obligations, the most notable of
which was that refusal.

## CONCLUSION

For the foregoing reasons, along with those reasons set forth in the annexed Motion and
Certification submitted by Mary A. Gambardella, Esquire, the Defendant respectfully requests
that this Court dismiss the Plaintiff's Complaint.

In the alternative, in the event this Court deems dismissal not to be warranted, Defendant respectively contends that this Court should grant it:

(a)      an order compelling Plaintiff to appear for a deposition without further production by Defendant within the next 30 days;

(b)      an order further prohibiting her from noticing any depositions or initiating additional discovery;

(c)      an order requiring Plaintiff to reimburse Defendant for its fees incurred in having to pursue her deposition for approximately six months, as well as for the filing and prosecution of this Motion; and

(d)      for such other and further relief as this Court deems equitable, just and proper.

DEFENDANT,

WORLD WRESTLING ENTERTAINMENT, INC.

By: /s/ Mary Gambardella
      Mary Gambardella, Esq.
      Federal Bar No. ct05386
      Erick I. Díaz, Esq.
      Federal Bar No. ct27023
      Wiggin and Dana LLP
      400 Atlantic Street
      Stamford, CT  06911-0325
      (203) 363-7662
      (203) 363-7676 (fax)
      mgambardella@wiggin.com
      ediaz@wiggin.com
      *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This will certify that, on October 26, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties listed below by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

Patrick J. Boyd, Esq.
The Boyd Law Group, PLLC-NY
230 Park Avenue, Suite 1000
New York, NY 10169
212-808-3020
pboyd@theboydlawgroup.com
Lead Attorney
Pro Hac Vice
Counsel for Plaintiff

Peter L. Truebner, Esq.
1150 Summer St.
Stamford, CT 06905
203-323-4540
ptruebner@aol.com
Lead Attorney
Counsel for Plaintiff

/s/      Erick I. Díaz
Erick I. Díaz, Esq.

20324\4\2284800.1

7