UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------X
FARA D'ANGELO,                             :    **3:08-CV-1546 (JCH)**
                                           :
                Plaintiff,         :
                                           :
    -against-                            :    PLAINTIFF'S RULE 56.1(a)(2)
                                           :    STATEMENT
WORLD WRESTLING ENTERTAINMENT,             :
INC.,                                      :
                                           :
                Defendant.         :
-----------------------------------------------------------X

Plaintiff, Fara D'Angelo, by her attorneys, The Boyd Law Group, PLLC, pursuant to Rule 56(a)(2) of the Local Rules for the United States District Courts for the District of Connecticut, hereby respectfully submits this response to the Rule 56(a)(1) statement of Defendant World Wrestling Entertainment, Inc.'s ("Defendant", "Defendant WWE" or "WWE") (the "Statement"). Following her response to Defendant's Statement, Plaintiff also sets forth those facts as to which she contends there are genuine issues to be tried consistent with the requirements of Local Rule 56(a)(2).

### RESPONSES TO DEFENDANTS' RULE 56(a)(1) UNDISPUTED FACTS

1. Admitted.

2. Plaintiff does not have knowledge or information sufficient to form a belief as to the accuracy of this fact.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted as to the fact that harasser Alex Romer ("Romer", "Harasser", "Supervisor") lives in England. Plaintiff denies that the telephonic verbal harassments and cyber harassment constitute as the "majority" of the harassment.

7. Admitted.

8. Admitted as to the extent that the "putting his dick on the line" comment was spoken under a circumstance that involve Donna Goldsmith, but Plaintiff does not have knowledge or information sufficient to form a belief as to purpose of this statement by Romer, and her perception of the statement is not limited to the characterization provided by Defendant.

9. Admitted.

10. Plaintiff does not have knowledge or information sufficient to form a belief as to the accuracy of this fact.

11. Plaintiff denies that the telephonic verbal harassments and cyber harassment constitute the "majority" of the harassment.

12. Plaintiff does not have knowledge or information sufficient to form a belief as to what Defendant means by "this type of dialogue". Plaintiff admits that the quoted statements were extracted from emails sent by Plaintiff.

13. Admitted.

14. Plaintiff admits that the quotes were extracted from email(s), but does not have knowledge or information sufficient to form a belief as to the similarity Defendant purports to exist between this and the proceeding entry.

15. Plaintiff admits that the quotes were extracted from emails sent by Plaintiff.

16. Plaintiff admits the quotes that were extracted from her email, but denies Defendant's interpretation, unsupported by any evidence, as to the meaning of a quote extracted from Plaintiff's emails.

17. Plaintiff admits that the quotes cited were extracted from her email.

18. Plaintiff admits that a joke with the image referenced, was sent.

19. Admitted.

20. Plaintiff admits that the word was extracted from a chain of email exchange. (Id. at 112-3; 128). Plaintiff denies the characterization of her conduct as "complicit".

21. Admitted.

22. Plaintiff admits that the statement was extracted from her deposition, but notes the fact that Defendant left out a portion of the quote which this sentence was extracted from. (Id. at 128)

23. Admitted.

24. Plaintiff admits that Romer never stated to Plaintiff that he would fire Plaintiff if Plaintiff does not sleep with him.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Plaintiff does not have knowledge or information sufficient to form a belief as to the accuracy of this fact.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted that quotes were selectively extracted from Plaintiff's deposition. Plaintiff notes that the selective quotes extracted by Defendant do not fully represent the event as it occurred. (Id. at 190-92)

38. Admitted.

39. Admitted that quotes were selectively extracted from Plaintiff's deposition. Plaintiff notes that the selective quotes extracted by Defendant do not fully represent the event as it occurred. (Id. at 190-92).

40. Admitted.

41. Admitted.

42. Admitted to the extent that Romer was waiting for Plaintiff outside of the elevator. The evidence provides that Romer did not merely "inquire," but that he was "screaming" at Plaintiff. (Id. at 106)

43. Admitted.

44. Admitted.

45. Admitted to the extent that Defendant means here to incorporate by reference the entirety of the record in the case.

46. Denied. Plaintiff made her problems known to several managerial employees including Lisa Richards ("Richards"). (Id. at 163-66) Many of the complaints satisfy the reporting procedure as set forth by the Defendant because once managerial staff is made aware of a sexual harassment they must report it to Human Resources. (Exhibit 5 to D'Angelo Dep.)

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted to the extent that this section cites to the record in the case. Denied as to its veracity.

52. Plaintiff does not have knowledge or information sufficient to form a belief as to the accuracy of this fact.

53. Admitted.

54. Admitted to the extent that Plaintiff never told Michael Archer ("Archer") explicitly that Romer was sexually harassing her. However, Plaintiff clarifies that the conversation with Archer commenced as a result of what Archer and other managerial staff observed or heard. (D'Angelo Dep. pp. 213-16)

55. Admitted that Plaintiff never told Schneider explicitly that Romer was sexually harassing her.

56. Admitted that quotes were extracted from Plaintiff's deposition.

57. Admitted.

58. Admitted to the extent that the excerpts are part of the record in the case.  As such, they should be reviewed in the context of the record.

59. Admitted.

60. Admitted.

61. Plaintiff agrees that the statement is in the transcript deposition but denies that she conceded.

62. Admitted.

63. Plaintiff agrees that she has had a conversation with Richards regarding Romer, but denies talking to Richards strictly as friends. The record shows that in context, that it was a professional conversation.  (Id. at 163-66)

64. Admitted.

65. Denied. Plaintiff specifically clarified that she told, not "might have told", Richards of the comments made by Romer.

66. Admitted.  However, Plaintiff would like to clarify that she Plaintiff specifically "told", not "might have told", Richards of the comments made by Romer.  (Id. at 165)

67. Plaintiff does not have knowledge or information sufficient to form a belief as to the accuracy of this fact.

68. Admitted.

69. This is a legal conclusion, which no response is needed.

70. Denied.  Plaintiff denies Defendant's proffered reasons why she chose not to pursue the position with Peter Clifford because it is not stated anywhere in the record.

71. Admitted.

72. Admitted.

73. Admitted, but note that Defendant did not cite to any evidence as required by Local Rule 56(a)(1).

74. Admitted.

75. Admitted.

76. Admitted.

77. Admitted.

78. Admitted to Sheryl Yamuder's ("Yamuder") opinion of Romer's managerial style, but denies Yamuder "vehemently denied" being provided with information about Plaintiff being sexually harassed by Romer because the record does not indicate Yamuder using such a phrase or phrasing suggesting a vehement denial.

79. Denied.

80. Admitted.

81. Denied.  Plaintiff denies to conceding such a point, as such a concession is not indicated anywhere in the record.

82. Plaintiff does not have knowledge or information sufficient to form a belief as to whether Yamuder had the power to fire or otherwise make changes to Romer's employment. However Plaintiff denies Defendant's contention that Yamuder was not a managerial staff member and thus had no duty, as set forth in Defendant's policy, to report sexual harassment.  Her position in Defendant Company was Vice-President of the Legal Department, and this title suggests a managerial capacity.  (Id. at 160; Exhibit 5 to D'Angelo Dep.)

83. Admitted.

84. Admitted, Plaintiff objects to the use of the word "somehow" as it is purely an opinionated word used by the Defendant.

85. Admitted.

86. Plaintiff does not have knowledge or information sufficient to form a belief as to the accuracy of this fact because Plaintiff did not state in the section cited by Defendant that she did not know the nature of Yamuder's complaint. (see Id. at 80)

87. Admitted.

88. Admitted.

89. Plaintiff does not have knowledge or information sufficient to form a belief as to the accuracy of this fact.

90. Denied as to the Yamuder having encouraged Plaintiff to complaint to Human Resources or Goldsmith. Plaintiff does not have knowledge or information sufficient to form a belief as to the accuracy of the rest of the statements.

91. Admitted.

92. Admitted.

93. Agreed that Plaintiff provided Human Resources with emails. Denies that Plaintiff "concede" to anything.

94. Admitted, however Plaintiff denies conceding.

95. Admitted.

96. Admitted.

97. Admitted that Plaintiff turned down a pay raise and promotion from WWE, but denies using the term "never accept the promotion or raise".

98. Denied. Plaintiff denies using the term "never accept the promotion or raise".

99. Admitted.

100. This is a legal conclusion to which no response is needed.  In addition, Defendant did not cite to any evidence as required by Local Rule 56(a)(1).

101. This is a legal conclusion to which no response is needed.  In addition, Defendant did not cite to any evidence as required by Local Rule 56(a)(1).

102. This is a legal conclusion to which no response is needed.

103. This is a legal conclusion to which no response is needed.

104. This is a legal conclusion to which no response is needed.  In addition, Defendant did not cite to any evidence as required by Local Rule 56(a)(1).

105. This is a legal conclusion to which no response is needed.  In addition, Defendant did not cite to any evidence as required by Local Rule 56(a)(1).

106. This is a legal conclusion to which no response is needed.

107. This is a legal conclusion to which no response is needed.

108. This is a legal conclusion to which no response is needed.  In addition, Defendant did not cite to any evidence as required by Local Rule 56(a)(1).

109. This is a legal conclusion to which no response is needed.

110. This is a legal conclusion to which no response is needed.

111. This is a legal conclusion to which no response is needed.

112. This is a legal conclusion to which no response is needed.

113. This is a legal conclusion to which no response is needed.

114. This is a legal conclusion to which no response is needed.

115. This is a legal conclusion to which no response is needed.

116. This is a legal conclusion to which no response is needed.  In addition, Defendant did not cite to any evidence as required by Local Rule 56(a)(1).

117. Admitted.

118. This is a legal conclusion to which no response is needed.  In addition, Defendant did not cite to any evidence as required by Local Rule 56(a)(1).

119. This is a legal conclusion to which no response is needed.  In addition, Defendant did not cite to any evidence as required by Local Rule 56(a)(1).

120. This is a legal conclusion to which no response is needed.

121. This is a legal conclusion to which no response is needed.  In addition, Defendant did not cite to any evidence as required by Local Rule 56(a)(1).

## Disputed Issues of Material Fact

1. Jonathan Sully, a managerial staff member of the WWE, witnessed Romer's physical harassment toward Plaintiff during a European business trip on or about April, 2006. (D'Angelo Dep. pp. 184 - 85)

2. Plaintiff states that she never received the promotion opportunity which she asked for and were promised by Romer.  (Id. at 96)

3. Joel Satin, a member of the managerial staff member, had knowledge of Romer's harassment and abuse towards Plaintiff prior to Plaintiff's resignation in 2006. (Id. at 203 – 05)

4. Plaintiff sought and received treatment from a therapist because of the harassment inflicted by Romer.  (Id. at 48; 60)

Dated: New York, New York
June 9, 2010

                                    THE BOYD LAW GROUP PLLC

By: _____/s/_____
    Patrick J. Boyd, Esq.
    230 Park Avenue
    Suite 1000
    New York, New York 10169
    Tel: (212) 808-3054
    Fax: (212) 808-3020
    pboyd@theboydlawgroup.com

    Attorneys for Plaintiff